# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2976 | **DATE** | 4/7/2004 |
| **CASE TITLE** | In Re: Neopharm, Inc. Security Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. plaintiffs' motion to modify the order appointing lead plaintiff is granted and denied in part [#58]. Larson Capital Management's request to withdraw as lead plaintiff is granted. Operating Engineers Construction Industry and Miscellaneous Pension Fund's motion for appointment in place of Larson is denied without prejudice. Any party wishing to serve as lead plaintiff may make a motion to this court by April 28, 2004. Plaintiffs' amended motion for class certification is denied without prejudice [#54].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | 6 | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 08 2004 | |
| | Notified counsel by telephone. | | date docketed | 7/ |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/7/2004 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | | MD | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



APR 0 8 2004

| | ) | |
|---|---|---|
| IN RE NEOPHARM, INC. | ) | 02 C 2976 |
| SECURITIES LITIGATION | ) | Judge Joan H. Lefkow |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This case is a putative class action brought against defendants, NeoPharm, Inc. ("NeoPharm"), James M. Huffey ("Huffey"), and Inram Ahmad ("Ahmad") (collectively "defendants"), alleging violations of § 10(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78j(b), Rule 10b-5 promulgated under § 78j(b), and § 20(a) of the Act, 18 U.S.C. § 78t(a). Before the court are two motions: (1) plaintiffs' motion to modify the order appointing lead plaintiff and (2) plaintiffs' amended motion for class certification. For the reasons set forth below, the motion to modify the order appointing lead plaintiff is granted in part and denied in part and the motion for class certification is denied without prejudice.

## I. Motion to Modify the Order Appointing Lead Plaintiff

On August 1, 2002, this court appointed Larson Capital Management ("Larson") as lead plaintiff in this action. Thereafter Larson selected, and the court appointed, the law firm of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") to serve as lead counsel for the class. For reasons not elaborated by either Larson or its counsel, Larson no longer wishes to serve in its role as lead plaintiff. Larson, therefore, asks that it be removed as lead plaintiff under Federal Rule of Civil Procedure 21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

Certainly there is nothing extraordinary about this request, and removing Larson as lead plaintiff is the appropriate and just approach if it does not wish to represent the class. *See, e.g., Organization of Minority Vendors, Inc. v. Illinois Central Gulf R.R.*, No. 79 C 1512, 1987 WL 8997, at *1 (N.D. Ill. April 2, 1987) ("Absent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to."). The issue of replacing Larson as lead plaintiff, however, is not so simple. Milberg Weiss apparently believes that it should decide who the new lead plaintiff will be, and it advances Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66-Pittsburgh) ("Operating Engineers"). According to Milberg Weiss, Operating Engineers suffered significant losses during the putative class period, totaling over $53,000. Moreover, Milberg Weiss suggests that Operating Engineers is both ready and willing to serve in this role.

Milberg Weiss' suggestions notwithstanding, there is still to be considered the requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 78u-4 *et seq.* The PSLRA provides that the court "shall appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members (hereafter referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA presents a rebuttable presumption that

> the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that–
> (aa) has either filed the complaint or made a motion in response to a notice [published to potential class members] . . .;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

2

Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). After the court selects the most adequate plaintiff based on the above factors, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Milberg Weiss' approach in this case is to either ignore one of the factors listed above under the PSLRA or to turn the analysis on its head. As noted above, only after a most adequate plaintiff is selected by the court is a plaintiff's choice for lead counsel considered. But in this case the court is confronted with nearly the opposite situation. Milberg Weiss has apparently deemed itself fit to choose whom it believes should be the most adequate plaintiff after Larson's withdrawal. Moreover, Operating Engineers would not appear to satisfy part (aa) of the above PSLRA standards. That standard requires that a potential lead plaintiff either file a complaint or make a motion to serve as lead plaintiff within 60 days of being provided notice of the law suit. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Operating Engineers did neither.

The court's own research has uncovered one case dealing with appointment of a new lead plaintiff after withdrawal from one previously certified. In *In Re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117 (S.D.N.Y. 2002), the court noted that

> [t]he PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws. It only stands to reason that the appropriate lead plaintiff would be the next "most adequate" plaintiff in accordance with the above criteria; the proper application of that criteria, however, is somewhat affected by the fact that these movants seek to replace already certified lead plaintiffs.

*Id.* at 120. In addressing the first issue under the PSLRA–whether any movant timely filed a complaint or timely moved for appointment as lead plaintiff–the court noted that a potential

3

problem existed insofar as each potential lead plaintiff in that case had not moved for appointment within 60 days of the initial notice of the action. In dealing with the problem, the court ruled that

> [i]n the absence of any guidance in the PSLRA, I will deem any movant timely who either (a) filed a complaint in these consolidated actions, as explicitly contemplated by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), (b) moved to be appointed lead plaintiff in response to the initial notice of pendency, *id.*, or (c) moved to be appointed lead plaintiff within 60 days of the withdrawal of the previous lead plaintiff.

*Id.*

The court's reasoning in *In re Initial Public Offerings* is sound, particularly based on the absence of express guidance in the PSLRA. Viewing the appointment of a new potential lead plaintiff in this manner, in essence, allows the court to consider those who had previously filed a motion but does not limit a party who believes that they would be the most adequate plaintiff since the previous lead plaintiff's withdrawal.[1]

The precise application of the above standards to this case is perhaps unclear. For example, apparently in contrast to the situation in *In Re Initial Public Offerings*, this court has not as yet allowed Larson to withdraw as lead plaintiff in this action. Thus, as far as part (c) above is concerned, technically no one has moved to be appointed as lead plaintiff since any withdrawal. Perhaps the court could say that since no motion has been filed in opposition to Operating Engineer's motion that no one else wishes to serve as the lead plaintiff. That

---

[1]The court notes that this is not a situation where more than one lead plaintiff was appointed and the withdrawal of one lead plaintiff means that others still exist. That was the situation dealt with in most of the cases cited by Milberg Weiss. *See, e.g., In re Bank One Sec. Litig.*, No. 00 C 0767, 2002 WL 989454, at *3 (N.D. Ill. May 9, 2002) (granting oral motion to withdraw as lead plaintiff were two lead plaintiffs were previously appointed); *In re Ins. Mgmt. Solutions Group, Inc., Sec. Litig.*, 206 F.R.D. 514, 515 (M.D. Fla. 2002) ("Just six days before the motion for class certification was filed, the Court granted the withdrawal of Muriel Goodman as a named plaintiff and class representative, leaving Thomas Schmidt as the lead Plaintiff.").

approach, however, simply assumes that Milberg Weiss' choice of lead plaintiff is the most adequate plaintiff. The better approach is to grant Larson's motion for withdrawal as lead plaintiff and allow for any prospective lead plaintiffs to make a motion for appointment. The court will allow 21 rather than 60 days for any motion to be made because it has been clear for some time that Larson wishes to withdraw as lead plaintiff. Operating Engineers may, of course, make a motion to serve as lead plaintiff, and if it is true that it is the presumptive lead plaintiff under the PSLRA, the court will not hesitate to grant its motion. But merely accepting counsel's suggestion with input from no other potential lead plaintiff is contrary to the PSLRA. Instead, allowing potential lead plaintiffs to move for such appointment after withdrawal permits this court to make a reasoned analysis under the PSLRA rather than to summarily accept the submissions provided by lead counsel for the former lead plaintiff.

Finally, the court acknowledges the delay that this ruling will necessarily entail for the class members. That, however, is more a product of Larson now foregoing the responsibilities it chose to accept and perhaps serves as a reminder for both counsel and the court to rigidly apply the requirements of appointing a lead plaintiff in the first instance. In any event, this court believes it clear that it must apply the guidelines of the PSLRA in appointing a lead plaintiff, whether it is an initial lead plaintiff or thereafter. Accordingly, the court will grant Larson's motion for withdrawal. The court will further allow 21 days, until April 28, 2004, for any party to move for appointment as lead plaintiff.

## II. Class Certification

Considering the uncertainty caused by Larson's withdrawal as lead plaintiff, the court sees no reason to address the issue of class certification until a new lead plaintiff is appointed.

5

Accordingly, the motion for class certification is denied without prejudice.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to modify the order appointing lead plaintiff is granted and denied in part [#58]. Larson Capital Management's request to withdraw as lead plaintiff is granted. Operating Engineers Construction Industry and Miscellaneous Pension Fund's motion for appointment in place of Larson is denied without prejudice. Any party wishing to serve as lead plaintiff may make a motion to this court by April 28, 2004. Plaintiffs' amended motion for class certification is denied without prejudice [#54]. It is so ordered.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: April 7, 2004