# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2976 | **DATE** | 8/17/2004 |
| **CASE TITLE** | In Re: Neopharm, Inc. Securities Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, the Operating Engineers' renewed motion for class certification [#87] is granted. Enter Order Granting Lead Plaintiff's Renewed Motion For Class Certification. This action shall be certified as a class action. Lead Plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66 - Pittsburgh) is appointed Class Representative.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 7 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 18 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/17/2004 | |
| | | 2004 AUG 18 AM 8:27 | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

| | ) | |
|---|---|---|
| IN RE NEOPHARM, INC. | ) | No. 02 C 2976 |
| SECURITIES LITIGATION | ) | Judge Joan H. Lefkow |
| | ) | |

DOCKETED
AUG 1 8 2004

## MEMORANDUM OPINION AND ORDER

This case is a putative class action brought against defendants, NeoPharm, Inc. ("NeoPharm"), James M. Huffey ("Huffey"), and Inram Ahmad ("Ahmad") (collectively "defendants"), alleging violations of § 10(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78j(b), Rule 10b-5 promulgated under § 78j(b), and § 20(a) of the Act, 18 U.S.C. § 78t(a). Before the court is the renewed motion for class certification brought by lead plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund, Local 66-Pittsburgh ("Operating Engineers"). Operating Engineers seeks an order certifying a class consisting of "all persons who purchased or otherwise acquired NeoPharm common stock between October 31, 2001 and April 19, 2002 and appointing Operating Engineers as class representative."[1] For the reasons set forth below, the motion is granted.

## STANDARDS

"The Federal Rules of Civil Procedure ("the Rules") provide the federal district courts with 'broad discretion' to determine whether certification of a class-action lawsuit is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). Under the Rules, a

---

[1] Excluded from the proposed class are the defendants, members of the immediate family of each of the defendants, any person, firm, trust, corporation, officer, director, or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any excluded party.

determination of class certification requires a two-step analysis. First, the named plaintiff must demonstrate that the action satisfies the four threshold requirements of Rule 23(a):

> (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist 'questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (the representative must be able to 'fairly and adequately protect the interests of the class').

*Id.* at 594; Fed. R. Civ. P. 23(a). Additionally, the action must "qualify under one of the three subsections of Rule 23(b)." *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). In this case, Operating Engineers seeks certification under subsection 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." When evaluating a motion for class certification, the court accepts as true the allegations made in support of certification, and does not examine the merits of the case. *Hardin*, 814 F. Supp. at 706 (citing, *inter alia, Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974)). The party seeking class certification bears the burden of showing that the requirements for class certification have been met. *Id.* (citing, *inter alia, Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). Failure to establish any one of the requirements precludes class certification. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

## BACKGROUND

The court previously gave extensive treatment to the factual allegations of this case in its opinion denying in part defendants' motion to dismiss. *See In re NeoPharm Sec. Litig.*, No.

02 C 2976, 2003 WL 262369 (N.D. Ill. Feb. 7, 2003). The factual background, therefore, will not be repeated again here.

## DISCUSSION

**A.    Rule 23(a)**

*1.    Numerosity–Rule 23(a)(1)*

To meet the numerosity requirement, the class must be so large "that joinder of all members is impracticable." *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(1). In order to establish numerosity, a plaintiff need not allege the exact number of members of the proposed class. *Johnson v. Rohr-Ville Motors, Inc.*, 189 F.R.D. 363, 368 (N.D. Ill. 1999). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Id.* (citing *Swanson v. American Consumer Indus., Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969)). The court is entitled to make "common-sense assumptions that support a finding of numerosity." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996).

Defendants do not contest numerosity. Although Operating Engineers does not specify the exact number of proposed class members, the court is satisfied that the numerosity requirement is met. As Operating Engineers points out, NeoPharm stock trades on NASDAQ and more than 16 million shares are outstanding. It can be reasonably inferred that hundreds, if not thousands, of persons would be included in the proposed class. Because of this number of persons, it would be impracticable to join all individual class members in one suit. Accordingly, the court finds that the numerosity requirement has been satisfied.

3

*2. Commonality–Rule 23(a)(2)*

To meet the commonality requirement, "there must exist 'questions of law or fact' common to the class.'" *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(2); *see also, Tylka v. Gerber Prods. Co.*, 178 F.R.D. 493, 496 (N.D. Ill. 1998) (noting that if at least one question of law or fact is common to the class, then commonality is satisfied). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele*, 149 F.3d at 594 (quotation omitted). A common nucleus of operative fact exists where "defendants have engaged in standardized conduct toward members of the proposed class." *Id.* "[T]he commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

Defendants do not contest commonality. Operating Engineers points to several common questions of law and fact that exist as to all members of the proposed class, including (1) whether the defendants violated the Act; (2) whether the defendants omitted and/or misrepresented material facts; (3) whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; (iv) whether defendants knew or recklessly disregarded that their statements were false and misleading; (v) whether the price of NeoPharm's publicly traded securities were artificially inflated; and (vi) the extent of damage sustained by members of the putative class and the appropriate measure of damages. Based on these common questions of law and fact, the court finds that the commonality factor has been met.

4

*3. Typicality–Rule 23(a)(3)*

To meet the typicality requirement, the named plaintiff's claims or defenses must be "typical . . . of the class." *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(3). The typicality requirement, although closely related to the commonality question, focuses on the class representative. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* at 595 (citing *De La Fuente v. Stoekly-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar*, 167 F.R.D. at 57.

Operating Engineers argues that its claims against defendants are typical with those of the putative class members insofar as it purchased NeoPharm stock during the class period when defendants were alleged to have been misleading the market. Operating Engineers states that, like other class members, it was damaged when it purchased NeoPharm stock at artificially inflated prices. In response, defendants argue that Operating Engineers may be subject to certain unique defenses because it was not involved in the decision to purchase or sell NeoPharm stock, and instead delegated that decision to an investment advisor or "money manager." This argument overlaps with defendants' objections to Operating Engineers' adequacy to serve as class representative and will be addressed below. Outside of this objection, the court sees no reason to question Operating Engineers' typicality and finds this factor satisfied.

*4. Adequacy of representation–23(a)(4)*

To meet the adequacy of representation requirement, "the representative must be able to fairly and adequately protect the interests of the class." *Keele*, 149 F.3d at 594; Fed. R. Civ. P.

23(a)(4). Under Rule 23(a)(4), the adequacy of representation determination "is composed of two parts: the adequacy of the named plaintiff's counsel, and the adequacy of protecting the different, separate, and distinct interest of the class members." *Retired Chicago Police Ass'n*, 7 F.3d at 598 (quotation omitted). Defendants attack only the second part of the adequacy determination by arguing that Operating Engineers is an inadequate class representative because it (1) did not produce a qualified representative to testify on its own behalf and (2) was not involved in the decision to purchase or sell NeoPharm stock.

Defendants' argument number (1) focuses on the Rule 30(b)(6) deposition taken of Operating Engineers' representative, Dennis Manown. Defendants argue that Manown's deposition revealed that he has no knowledge about Operating Engineers' transactions in NeoPharm securities because such investment decisions were made by a money manager named Columbus Circle, which Operating Engineers engaged "to choose, monitor, and execute its securities trades." These facts also form the basis for defendants' argument (2), which, in essence, states that because Operating Engineers was not involved in the decision to purchase or sell NeoPharm stock and delegated the authority to make stock purchases with little input in those decisions, it should not serve as class representative.

Defendants rely principally on two cases to support their theory. In *Fry v. UAL Corp.*, 136 F.R.D. 626 (N.D. Ill. 1991), the court found an individual to be an inadequate class representative where he allowed another person to have "complete discretionary authority" over his securities, never followed the affairs of the corporation and was not even aware that his funds had been invested in the corporation. *Id.* at 635-36. By contrast, the court in *Fry* allowed other individuals to serve as class representatives where third-parties gave investment advice or made

investment decisions because the individuals had at least a minimal level of participation in the relevant stock transaction. *Id.* at 635. The class representatives that the court allowed in *Fry* either had discussions with the third-party advisor prior to the purchase of the stock at issue or had discussed the investments with the third-party advisor regularly. *Id.* Relying on *Fry*, the court in *In Re Caremark Int'l Inc.*, No. 94 C 4751, 1996 WL 351182 (N.D. Ill. June 24, 1996), went one step further and barred an individual from serving as a class representative because the decision to purchase the stock in question was made by investment managers and not by the individual himself. *Id.* at *5-6. The court noted that the individual had "no input" into the decision to purchase the stock and learned of it only after it had occurred. *Id.* at *6.

In response, Operating Engineers points to several cases, most notably *Retsky Family Limited P'ship* v. *Price Waterhouse LLP*, No. 97 C 7694, 1999 WL 543209 (N.D. Ill. July 23, 1999), which declined to follow the *Caremark* decision. The court in *Retsky* noted that the plaintiff at issue "was unaware of what types of securities were traded by the money managers and did not know what criteria the managers followed in making investment decisions." *Id.* at *5. The plaintiff also "did not have any input in the decision to buy or sell" the stock at issue. *Id.* Despite these failings, the *Retsky* court noted that the plaintiff was not "uninvolved" in the investments and had ongoing discussions with the investment advisor about the investments and, unlike the plaintiff in *Fry*, was not "completely unaware" of the relevant financial affairs of the stock at issue. *Id.* at *6. The court declined to follow *Caremark's* broader holding that those who rely on others to make investment decisions are inadequate. *Id.*

The court finds persuasive the analysis in the *Retsky* case. To the extent *Caremark* can be read to hold that those who rely on others to make investment decisions are unfit to serve as class

representatives, this court would disagree. Contrary to both *Fry* and *Caremark*, which dealt with individuals, in this case Operating Engineers is an institutional investor, specifically a pension fund. Under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 78u-4 *et seq.*, Congress "anticipated and intended" large institutional investors to oversee securities cases. *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 243-44 (3d Cir. 2001). Because Operating Engineers is a pension fund, it lacks investment expertise and, more likely than not, its fiduciary duties would preclude it from making investment decisions on behalf of its beneficiaries. Thus, to prohibit such an institutional investor from serving as a class representative merely because it delegated investment responsibilities to a money manager would appear be in tension with the PSLRA. *See, e.g., In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 282 (S.D.N.Y. 2003) (noting that institutional investors "are likely to use advisors . . . to invest conservatively in securities they consider undervalued by the market" and a rule barring institutions from participating in securities class actions would be in conflict with the PSLRA's purpose to "increase the likelihood that institutional investors will serve as lead plaintiffs.").

Moreover, this is not a situation like *Fry* and *Caremark* in which the proposed class representative is "completely unaware" of the financial affairs at issue. Operating Engineers (1) promulgated detailed investment guidelines which its money managers followed when making investments on its behalf (Manown Dep. Exs. 3 & 5); (2) conducted periodic reviews of its money managers' investments so as to monitor and control their activity (Manown Dep. at 21:12-22:17.); (3) used an investment advisor to monitor the money managers, compare their performance and regularly report directly to the trustees of the Fund (*Id.* at 20:9-22:21.); and (4) retained counsel on an on-going basis to monitor its investment portfolio in order to gain advice

8

as to any potential securities laws violations. (*Id.* at 76:22-25, 78:14-23.) The court finds this similar enough to *Retsky* and more than sufficient in the case of a institutional investor to illustrate involvement in and awareness of the financial affairs at issue.

Finally, to the extent the above discussion did not fully address defendants' argument concerning the witness Operating Engineers' made available to testify, the court concludes that such arguments do not preclude class certification in this case. The court is satisfied that Operating Engineers (1) has no claims that are antagonistic to or conflict with claims of other members of the class; (2) has sufficient interest in the outcome to ensure vigorous advocacy; and (3) its counsel is competent, experienced, qualified and generally able to conduct the proposed litigation vigorously. *See Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (citations omitted). Accordingly, defendants' arguments are rejected.

**B.     Rule 23(b)**

Operating Engineers seeks certification under Rule 23(b)(3). That section provides that a class action can be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Defendants do not argue that this action may not be brought under Rule 23(b)(3). The court is persuaded that questions common to the members of the class predominate over individual concerns. As Operating Engineers points out, the main question involved in this case is whether defendants' alleged false and misleading statements and material omissions violated §§ 10(b) and (20)(a) of the Act. This will be the focus of the litigation. Moreover, the court also finds that the class action method is superior to other methods for resolving this controversy. As with many

9

securities law cases, this case involves a large number of investors who are likely to be geographically dispersed. Many of these investors are also likely to have relatively small claims making it expensive to seek recovery through individual litigation. A class action would be the most efficient use of judicial resources in resolving the common issues alleged in this action. Thus, the court finds that both the predominance and superiority factors under Rule 23(b)(3) are satisfied.

## CONCLUSION

Because the necessary elements of Rule 23(a) and Rule 23(b)(3) have been satisfied, the court grants Operating Engineers' renewed motion for class certification [#87]. Enter attached order.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: August 17, 2004

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re NEOPHARM, INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. 02 C 2976 |
| | | Judge Joan H. Lefkow |
| | | Magistrate Judge Geraldine Soat Brown |
| This Document Relates To: | ) ) ) ) ) | |
| ALL ACTIONS. | | |

[~~PROPOSED~~] ORDER GRANTING LEAD PLAINTIFF'S RENEWED MOTION FOR
CLASS CERTIFICATION

Having duly considered Lead Plaintiff's Renewed Motion for Class Certification (the "Motion") and the papers and argument submitted in connection therewith, and for good cause shown, the Court hereby GRANTS the motion as follows:

1. This action shall be certified as a class action. The plaintiff class shall include:

All persons who purchased or otherwise acquired NeoPharm, Inc. ("NeoPharm" or the "Company") publicly traded securities between October 31, 2001 and April 19, 2002 (the "Class"). Excluded from the Class are defendants, members of the immediate family of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any excluded party.

2. Lead Plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66 – Pittsburgh) is appointed Class Representative.

IT IS SO ORDERED.

DATED: AUG 17 2004

THE HONORABLE JOAN H. LEFKOW
UNITED STATES DISTRICT JUDGE

Submitted by:

LASKY & RIFKIND, LTD.
NORMAN RIFKIND (6191038)

NORMAN RIFKIND

351 W. Hubbard, Suite 406
Chicago, IL 60610
Telephone: 312/634-0057
312/634-0059 (fax)

Liaison Counsel

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2. That on June 17, 2004, declarant served the **[PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of June, 2004, at San Diego, California.

                                                                                */s/ Susan M. Williams*
                                                                            SUSAN M. WILLIAMS

**Counsel For Defendant(s)**

k Leann Pedersen Pope
Stephen Ryan Meinertzhagen
Burke, Warren, MacKay & Serritella, P.C.
IBM Plaza, 330 North Wabash Avenue
Chicago, IL 60611
   312/840-7005
   312/840-7900(Fax)

*David S. Steuer
Lloyd Winawer
Dylan J. Liddiard
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
   650/493-9300
   650/565-5100(Fax)

**Counsel For Plaintiff(s)**

Joshua M. Lifshitz
Peter D. Bull
Bull & Lifshitz LLP
18 E. 41st Street
New York, NY 10017
   212/213-6222
   212/213-9405(Fax)

Paul J. Geller
Howard K. Coates, Jr.
Jack Reise
Geller Rudman, PLLC
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
   561/750-3000
   561/750-3364(Fax)

Norman Rifkind
Lasky & Rifkind, Ltd.
351 W. Hubbard, Suite 406
Chicago, IL 60610
   312/634-0057
   312/634-0059(Fax)

Helen J. Hodges
Steven W. Pepich
David A. Thorpe
Lerach Coughlin Stoia & Robbins LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
   619/231-1058
   619/231-7423(Fax)

Marvin A. Miller
Jennifer Winter Sprengel
Christopher B. Sanchez
Miller Faucher and Cafferty LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602
   312/782-4880
   312/782-4485(Fax)

Marvin L. Frank
Murray Frank & Sailer, LLP
275 Madison Avenue, Suite 801
New York, NY 10016
   212/682-1818
   212/682-1892(Fax)

*DENOTES SERVICE VIA OVERNIGHT MAIL DELIVERY.

Marc A. Topaz
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
  610/667-7706
  610/667-7056 (Fax)

Joel P. Laitman
Jay P. Saltzman
Schoengold & Sporn, P.C.
19 Fulton Street, Suite 406
New York, NY  10038
  212/964-0046
  212/267-8137 (Fax)